1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   RONALD ANTHONY JONES,                    Case No. 21-00281 BLF (PR)
             Plaintiff,
12                                            **ORDER OF DISMISSAL AND**
         v.                                   **DISMISSAL WITH LEAVE TO**
13                                            **AMEND**

14   KYLE RUNGE, et al.,

15               Defendants.

16

17

18       Plaintiff, a state prisoner, filed the instant <u>pro se</u> civil rights action pursuant to 42

19   U.S.C. § 1983 against officers at San Quentin State Prison ("SQSP"), where he is currently

20   housed.  Dkt. Not. 1 at 2.  Plaintiff's motion for leave to proceed *in forma pauperis* will be

21   addressed in a separate order.

22

23                              **DISCUSSION**

24   A.    **Standard of Review**

25       A federal court must conduct a preliminary screening in any case in which a

26   prisoner seeks redress from a governmental entity or officer or employee of a

27   governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  In its review, the court must identify any

28   cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

United States District Court
Northern District of California

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

Plaintiff claims that on October 11, 2018, he was sent to administrative segregation for allegedly possessing a cell phone, and his personal property was taken away by Defendants Kyle Runge and Glen Amor, the "property officers" at SQSP. Dkt. No. 1 at 3, 7. On November 7, 2018, Plaintiff was found guilty of the Rules Violation Report for possession of a cell phone and was directed to send his personal property home. *Id.* at 9. When he contacted Defendants Runge and Amor to return his property to him, they refused. *Id.* Plaintiff claims Defendants are responsible for the "random" and "unauthorized withholding" of his personal property in violation of his rights under due process, the Eighth Amendment, and equal protection. Dkt. No. 1 at 20-21. Plaintiff seeks declaratory and injunctive relief as well as damages. *Id.* at 21.

Inmates who have been afforded the opportunity to possess personal property in prison may claim that prison officials have confiscated or destroyed their property without due process. Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S.

517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Here, Plaintiff alleges that the loss of personal property was random and unauthorized. Dkt. No. 1 at 20. As such, the availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon*, 494 U.S. at 128. Accordingly, his due process claim must be dismissed for failure to state a claim for relief. Plaintiff may pursue this claim in state court.

Plaintiff's claim under the Eighth Amendment must also be dismissed for failure to state a claim. The Eighth Amendment imposes duties on prison officials to provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). The inventory of Plaintiff's personal property included in the exhibits to the complaint lists the following items: watch cap, washcloth, paints and brushes, glue, books, photos and albums, writing supplies, utensils, bowl, toothbrushes and holders, bead necklace, glass cases, TV cable splitter, electric razor, trimmer, headphones, ear buds, headphone extension, extension cords, cassette tapes, AC

3

adaptor, watch, batteries, hot pot, mirrors, earring, and empty CD cases. Dkt. No. 1-1 at 12, 24. It cannot be said that any of these items constitutes a basic necessity of life, the loss of which rises to the level of an objectively serious deprivation. Accordingly, Plaintiff fails to state an Eighth Amendment claim based on the loss of personal property.

Lastly, Plaintiff's allegations fail to state an equal protection claim. When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. *More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); *Timm v. Gunter*, 917 F.2d 1093, 1099 (8th Cir. 1990) (same). The first step in determining whether the inmate's equal protection rights were violated is to identify the relevant class of prisoners to which he belongs. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The class must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* at 1031 (affirming district court's grant of defendants' motion for summary judgment because inmate failed to raise triable issue of fact that he was treated differently than any other inmate whom the officers did not know was entitled to a vegetarian meal). Here, there is no allegation that Plaintiff is a member of a specific class and that he was subjected to dissimilar treatment because of his membership in that class. Rather, Plaintiff claims that other inmates had their grievances regarding personal property granted while his was denied. Dkt. No. 1 at 12. He cites to a memorandum from the associate warden that states, "The Title 15 does and will continue to apply to all CDCR inmates equally regardless of their custody designation" and that "all CDCR inmates are subject to the same rules and regulations regardless of their custody designation." *Id.* at 11. However, even if Defendants violated these state regulations, their actions do not establish a constitutional claim under § 1983 because it fails to satisfy the first prong, i.e., that a right secured by the Constitution or laws of the United States was violated. *See West v. Atkins*,

4

487 U.S. at 48. Accordingly, this equal protection claim must be dismissed for failure to state a claim.

Plaintiff shall be granted one opportunity to file an amended complaint to attempt to correct the deficiencies described above with respect to his Eighth Amendment and equal protection claims.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's due process claim based on the loss of his personal property is **DISMISSED** with prejudice for failure to state a claim for relief. He may pursue that claim in state court.

2.      The remainder of the complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-00281 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.      **Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without further notice to Plaintiff.**

3.      The Clerk shall include two copies of the court's **complaint** with a copy of this order to Plaintiff.

///

**IT IS SO ORDERED.**

**Dated:  __May 11, 2021_____**

BETH LABSON FREEMAN
United States District Judge